**John MAYE, Plaintiff,**

v.

**CITY OF KANNAPOLIS, North Carolina Board of Education, et. al., Defendants.**

No. 4:94CV00357.

United States District Court,
M.D. North Carolina,
Salisbury Division.

Oct. 27, 1994.

was not renewed. According to Maye, his contract was not renewed for improper racial reasons. Maye seeks a preliminary injunction reinstating him as principal of A.L. Brown. While principal, Maye invested time and energy in building relationships with the school staff and the Kannapolis community.

## II.

The Fourth Circuit in *Direx Israel v. Breakthrough Medical Corp.*, 952 F.2d 802 (4th Cir.1991), clearly enunciated the framework under which a motion for a preliminary injunction should be analyzed. *Direx Israel* requires analysis of four factors: (1) the irreparable harm to the plaintiff, (2) the likelihood of harm to the defendant if an injunction is granted, (3) the likelihood that the plaintiff will succeed on the merits, (4) and the public interest. *Id.* at 812. The plaintiff bears the burden of proof on these factors. *Id.* The irreparable harm to the plaintiff and the potential harm to the defendant are the two most important factors. Indeed, without a clear showing of actual and imminent irreparable harm, the inquiry need proceed no farther. *Id.* at 812 (citations omitted). Consequently, the Court will focus on the element of irreparable harm.

Maye has not established that without an injunction, he will suffer immediate irreparable harm. According to Maye, he has suffered irreparable harm in that upon his return to A.L. Brown, should he succeed on the merits, he will have to repeat various efforts at building a rapport with the community, staff, and students. Maye has not pointed to any factors which would indicate that he could not repeat this process, and such "bridge building" activities would seem to be expected of the principal of A.L. Brown. Additionally, even if Maye were to be reinstated today, he would have to undergo similar efforts since he has not been principal since the summer of 1994. The Court finds that Maye has not established that he will suffer actual and immediate irreparable harm if his motion for a preliminary injunction is denied. Should Maye prevail on his Title VII and other employment discrimination claims, his injuries can be properly re-

Michael A. Sheely, Charlotte, NC, for plaintiff.

Richard A. Schwartz, Reginald T. Shuford, Raleigh, NC, for defendants.

## MEMORANDUM OPINION

TILLEY, District Judge.

Plaintiff filed a motion for a preliminary injunction in this Title VII, 42 U.S.C. § 1981, 42 U.S.C. § 1983, and state law case pursuant to Rule 65 of the Federal Rules of Civil Procedure. Because Plaintiff has failed to establish that without the injunction, he will suffer immediate irreparable harm, Plaintiff's motion for a preliminary injunction is DENIED.

## I.

The facts as alleged by Mr. Maye in his verified complaint are as follows: Plaintiff (Maye) is a black male who was hired by Defendant School Board (Board) in July, 1992 to be principal of A.L. Brown High School in Kannapolis, North Carolina. Maye's contract expired on June 30, 1994 and

dressed through traditional legal remedies and reinstatement. Maye has not met his burden of establishing irreparable harm, and therefore his motion for a preliminary injunction is DENIED.